**FILED**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

JUN 10 1997

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

HULIN BRADEN, )
)
    Plaintiff )
)
v. ) CV NO. 97-HM-1023-J
)
MONUMENTAL LIFE INSURANCE )
COMPANY, )
)
    Defendant )

**ENTERED**

JUN 11 1997

### MEMORANDUM OPINION

    The above-entitled civil action is currently before this United States District Court on the Motion to Remand filed herein by Plaintiff Hulin Braden on May 23, 1997. For the reasons hereinafter stated, this Court finds that Plaintiff's Motion to Remand is due to be denied on the grounds of "super preemption" under the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq.

### FACTUAL AND PROCEDURAL BACKGROUND

    Under date of March 20, 1997 Plaintiff commenced this civil action in the Circuit Court of Walker County, Alabama by filing his two-count Complaint. Plaintiff's state court Complaint contained two claims for relief asserted against Defendant Monumental Life Insurance Company [hereinafter "Monumental"]. The first was an Alabama state law claim for breach of contract; the second, also an Alabama state law claim, was for the tort of bad faith refusal to pay insurance benefits.

    In support of these claims, Plaintiff alleges the underlying

facts as follows. Plaintiff is and at all times pertinent to this lawsuit was an employee of Barnett Transportation, Inc.[1] Defendant Monumental issued a "group policy of occupational accident insurance insuring the employees of Barnett Transportation, Inc." Complaint at ¶ 3. On or about April 15, 1996, Plaintiff was injured while acting within the line and scope of his employment with Barnett. On or about May 16, 1996, Plaintiff gave Defendant Monumental notice of his injuries and made a claim for amounts due under the policy issued by Defendant Monumental to Barnett's employees. Defendant Monumental has refused to pay Plaintiff the amounts due under the policy. Plaintiff claims that Defendant Monumental's conduct is a breach of the contract of insurance and constitutes the tort of bad faith.

On April 24, 1997 Defendant timely removed this action to this United States District Court by filing its Notice of Removal. Defendant's Notice of Removal predicates this Court's jurisdiction on both 28 U.S.C. §§ 1331 [federal question] and 1332(a) [diversity of citizenship and amount in controversy]. On May 23, 1997 Plaintiff filed the currently pending Motion to Remand, alleging that there is not $75,000.00 in controversy in this civil action and that there is no federal question. Defendant Monumental filed its Opposition to Plaintiff's Motion to Remand on June 5, 1997.

## DISCUSSION

This Court will first consider the question of federal question jurisdiction under 28 U.S.C. § 1331. The United States

---

[1]Barnett Transportation, Inc. is not a party to this action.

Supreme Court has set forth the jurisdictional framework governing removal of federal question cases from state to federal courts. The presence or absence of federal question jurisdiction is generally governed by the "well-pleaded complaint rule" which provides that a defendant may remove a case to federal court only if a federal claim **appears on the face of a plaintiff's complaint.** *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 391-92 (1987). This rule makes the plaintiff the master of his complaint; he can plead whatever claims he chooses and generally avoid federal jurisdiction by pleading state law claims and by not pleading federal claims. *Id.* Thus, federal court jurisdiction is not present simply because the plaintiff could have asserted the federal claim instead of or in addition to the state claims presented. *Merrill-Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 809 n.6 (1986).

Citing this rule, Plaintiff argues that he has asserted only Alabama state law claims for relief, namely breach of contract and the tort of bad faith. There is, however, an exception to the well-pleaded complaint rule, namely ERISA "super preemption." It is upon this exception that Defendant relies in asserting that federal question jurisdiction exists. The Eleventh Circuit has recently addressed the issue of when this exception applies in the case of *Kemp v. International Business Machines Corp.*, 109 F.3d 708 (11th Cir. 1997).

*Kemp* involved a claim for benefits under a retiree education program which had been provided to IBM employees but was later revoked by IBM. The retirees sued IBM in state court, claiming

3

that its action constituted a breach of contract and fraud under Georgia state law but alleging no federal claim for relief. IBM removed the case to federal court, where it was decided by the District Court on summary judgment that Plaintiffs' state law claims were preempted by ERISA.

On interlocutory appeal, the Eleventh Circuit considered whether the District Court had jurisdiction over the case to even have considered the preemption question. The court wrote:

> However, there is a qualification to the well-pleaded complaint rule: a doctrine known as "complete preemption" or "super preemption." Under that doctrine, Congress may preempt an area of law so completely that any complaint raising claims in that area is necessarily federal in character and therefore necessarily presents a basis for federal court jurisdiction. *E.g., Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64, 107 S. Ct. 1542, 1546, 95 L. Ed. 2d 55 (1987)(citing *Avco Corp v. Machinists*, 390 U.S. 557, 88 S. Ct. 1235, 20 L. Ed. 2d 126 (1968)). Such "complete preemption" will convert state law claims into federal claims for the purposes of the well-pleaded complaint rule, allowing a defendant to remove the case to federal court. Congress has accomplished this "complete preemption" in 29 U.S.C. § 1132(a), which provides the exclusive cause of action for the recovery of benefits governed by an ERISA plan. *Metropolitan Life*, at 65-67, 107 S. Ct. at 1547048. State law claims seeking relief available under 1132(a) are recharacterized as ERISA claims and therefore "arise under" federal law. *Id.* at 76, 107 S. Ct. 1548. *See also* 1 William W. Schwarzer et al, *Federal Civil Procedure Before Trial* §§ 2:768-2:769 (1996).
> To sum up, the jurisdictional issue in this case turns on whether the plaintiffs are seeking relief that is available under 29 U.S.C. § 1132(a). If they are, Metropolitan Life requires us to recharacterize the plaintiffs' claims as an ERISA claim and hold that removal jurisdiction exists. But if the plaintiffs are not seeking relief available under § 1132(a), then the plaintiffs' claims may not be recharacterized as a claim under § 1132(a), and no federal question jurisdiction exists.

*Kemp*, 109 F.3d at 712. Thus, this court will have federal question

4

jurisdiction within the meaning of 28 U.S.C. § 1331 if the relief Plaintiff seeks in this civil action is available under 29 U.S.C. § 1132(a). Clearly from the face of Plaintiff's state court complaint, Plaintiff in his breach of contract claim seeks to recover the sums he alleges he is due under the insurance policy issued by the Defendant. If this policy is or is part of an ERISA plan and the recovery of amounts payable under this policy is available under § 1132(a), then "super preemption" will have occurred and this court will have federal question jurisdiction over this civil action.

In its *Kemp* opinion, the Eleventh Circuit went on to clarify what constitutes an ERISA plan. The Court noted that "a plan is an 'employee welfare benefit plan' to the extent, and only to the extent, that it is maintained for the purpose of providing the types of benefits that Congress decided to protect in ERISA . . ." *Id.* at 713. Those purposes include:

> providing for [] participants or their beneficiaries, though the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services ...

29 U.S.C. § 1002(1). In his state court complaint, Plaintiff has admitted that the policy of insurance at issue in this civil was issued pursuant to a "group policy of occupational accident insurance insuring the employees of Barnett Transportation, Inc." and that he was en employee of Barnett Transportation, Inc. at all relevant times. Complaint at ¶¶ 3,4. Clearly the group

occupational accident insurance covering Plaintiff is an ERISA plan and this Court so holds.

This Court's final inquiry is whether the relief Plaintiff seeks in his state court complaint is the same relief as is available under ERISA. 29 U.S.C. § 1132(a), the civil enforcement provision of the statute, provides that a participant in or beneficiary of an ERISA plan may bring a civil action "to recover benefits due him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Again, it is clear that Plaintiff seeks, through his breach of contract claim in his state court complaint, to recover the benefits he claims are due him under the subject policy issued by Defendant Monumental. This Court finds that Plaintiff is seeking the same relief in his state court complaint that is available to him under the civil enforcement scheme of ERISA. Therefore, this Court finds and now holds that Plaintiff's state court claims for relief are due to be recharacterized as an ERISA claim, thus providing this Court with federal question jurisdiction within the meaning of 28 U.S.C. § 1331.[2]  See Kemp, 109 F.3d at 712.

Contemporaneous with the filing of the Notice of Removal in this civil action, Defendant Monumental filed its Answer to Complaint on April 29, 1997. Pursuant to Rule 12(b)(6) of the

---

[2] In light of the Court's holding that federal question jurisdiction exists, this Court need not address the parties' argument over this existence of diversity jurisdiction and declines to do so.

6

Federal Rules of Civil Procedure, Defendant Monumental asserted within their Answer the affirmative defense that Plaintiff failed to state a claim upon which relief could be granted in this civil action. Monumental's Third Defense alleges, "Plaintiff's state law claims are preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1101 et. seq. (sic) ("ERISA") and plaintiff has therefore failed to state a claim upon which relief may be granted." This Court hereby elects to consider Defendant Monumental's Rule 12(b)(6) affirmative defense as a Motion to Dismiss.

29 U.S.C. § 1144 provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" as defined above. Clearly the state law claims asserted by Plaintiff in this civil action "relate to" the ERISA plan at issue in this civil controversy. Upon consideration of Defendant Monumental's incorporated Motion to Dismiss and the preemption provisions of 29 U.S.C. § 1144, this Court is of the opinion that both of Plaintiff's state law claims for relief are preempted by 29 U.S.C. § 1144 and that such Motion to Dismiss as directed to each and every state law claim for relief asserted against Defendants in Plaintiff's state court complaint is due to be granted with respect to each such preempted state law claim for relief asserted by Plaintiff in his state court complaint and that Plaintiff's state court complaint in its entirety is thereupon due to be dismissed without prejudice with leave granted Plaintiff to file his ERISA Amended Complaint in the above-entitled civil action

7

in the office of the Clerk of this Court within time certain alleging whatever ERISA claims for relief he has or claims to have against Defendant Monumental under the civil enforcement provisions of ERISA, 29 U.S.C. § 1132(a)(1-6).

## CONCLUSION

For the foregoing reasons, this Court finds, determines and holds that the Plaintiff's Motion to Remand is due to be denied based on this Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331. Moreover, having construed Defendant Monumental's Third Defense in their Answer as a Rule 12(b)(6) Motion to Dismiss, this Court finds that such Motion to Dismiss is due to be granted and that Plaintiff's state court complaint is due to be dismissed <u>without prejudice</u>. Plaintiff will be granted a time certain in which to file an Amended Complaint pursuant to the civil enforcement provision of ERISA. An appropriate order in conformity with this Memorandum Opinion is contemporaneously entered.

DONE this 10th day of June, 1997.

_____
E.B. HALTOM, JR.
SENIOR UNITED STATES DISTRICT JUDGE


<u>FLORENCE, ALABAMA ADDRESS</u>:

U.S. District Court
Northern District of Alabama
U.S. Post Office & Courthouse
210 North Seminary Street
P.O. Box 1076
Florence, AL 35630
Telephone: (205) 760-8415